IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PARKER MICHAEL KNIGHT,                     3:13-CV-01212-BR

          Plaintiff,                       OPINION AND ORDER

v.

FEDERAL BUREAU OF
INVESTIGATION and GREGORY
FOWLER,

          Defendants.


PARKER MICHAEL KNIGHT
45 S.E. 196th Avenue
Portland, or 97233
(971) 400-4609

          Plaintiff, *Pro Se*

S. AMANDA MARSHALL
United States Attorney
JAMES E. COX , JR.
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

          Attorneys for Defendant Federal Bureau of Investigation
          (hereinafter referred to as FBI)


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant FBI's Motion (#5) to Dismiss.  For the reasons that follow, the Court **GRANTS** the FBI's Motion.


<u>BACKGROUND</u>

The following facts are taken from Plaintiff's Complaint.

At some point Plaintiff applied for a job with the FBI. Plaintiff was interviewed by telephone and alleges he "was asked illegal questions regarding his disabilities."  Compl. at ¶ II.

On July 1, 2013, Plaintiff filed a *pro se* complaint in Multnomah County Circuit Court against the FBI and Special Agent Gregory Fowler in which he alleges he "feel[s] American Disability Act amended 1991 and Equal Employment Opportunity Commission (EEOC) violation has occurred based on [Plaintiff's] disability, race, and age."  Compl. at ¶ II.  Plaintiff also alleges the following in Counts I through III:

> Defendant and or his agents willfully, maliciously and intentionally inflicted emotional distress upon the Plaintiff.

> \* \* \*

> Defendant and or his agents have intentional[ly], maliciously, and without just cause, slandered the Plaintiff's names, business and reputation[] in the community by making knowingly false, malicious and intentional statements about the Plaintiff, Plaintiff's family, and the Plaintiff's business.

* * *

>Defendant and or [its] agents have intentionally,
>maliciously and without just cause, engaged in
>deceitful business practices and malicious and
>intentional fraud that were calculated to harm the
>Plaintiff[] and [his] business.

Compl. at ¶¶ III-V.

On July 18, 2013, the FBI removed the matter to this Court
as an agency of the United States government pursuant to 28
U.S.C. § 1442(a)(1).

On August 20, 2013, the FBI filed a Motion to Dismiss on the
grounds that the Court lacks subject-matter jurisdiction and
Plaintiff failed to state a claim.  Plaintiff did not file a
response to the FBI's Motion.  The Court took the FBI's Motion
under advisement on September 27, 2013.

**STANDARDS**

**I.   Dismissal for lack of jurisdiction pursuant to Rule 12(b)(1)**

Plaintiff has the burden to establish that the court has
subject-matter jurisdiction.  *Robinson v. Geithner*, 359 F. App'x
726, 728 (9th cir. 2009).  *See also Ass'n of Am. Med. Coll. v.
United States*, 217 F.3d 770 (9th Cir. 2000).

When deciding a motion to dismiss for lack of subject-matter
jurisdiction under Rule 12(b)(1), the court may consider
affidavits and other evidence supporting or attacking the
complaint's jurisdictional allegations.  *Rivas v. Napolitano*, 714

3 - OPINION AND ORDER

F.3d 1108, 1114 n.1 (9th Cir. 2013).  The court may permit

discovery to determine whether it has jurisdiction.  *Laub v.*

*United States Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir.

2003).  When a defendant's motion to dismiss for lack of

jurisdiction "is based on written materials rather than an

evidentiary hearing, the plaintiff need only make a *prima facie*

showing of jurisdictional facts to withstand the motion to

dismiss." *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d

1218, 1223 (9th Cir. 2011)(citation omitted).

## II.  Dismissal for failure to state a claim pursuant to Rule 12(b)(6)

> To survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as
> true, to "state a claim to relief that is
> plausible on its face." [*Bell Atlantic v.*
> *Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A
> claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to
> draw the reasonable inference that the defendant
> is liable for the misconduct alleged.  *Id*. at 556.
> . . .  The plausibility standard is not akin to a
> "probability requirement," but it asks for more
> than a sheer possibility that a defendant has
> acted unlawfully.  *Ibid*.  Where a complaint pleads
> facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line
> between possibility and plausibility of
> 'entitlement to relief.'" *Id*. at 557, 127 S. Ct.
> 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  *See also Bell*

*Atlantic*, 550 U.S. at 555-56.  The court must accept as true the

allegations in the complaint and construe them in favor of the

plaintiff.  *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted).  A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Thus, the Court has an "obligation [when] the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Akhtar*, 698 F.3d at 1212 (quotation omitted). "[B]efore dismissing a *pro se* complaint the . . . court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id*. (quotation omitted).  "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id*. (quotation omitted).

**DISCUSSION**

**I.    Service**

As noted, Plaintiff filed this action against the FBI and Special Agent Fowler in Multnomah County Circuit Court and the FBI removed the matter to this Court.  The FBI does not assert in its Notice of Removal that Special Agent Fowler joined in the removal.

**A.    The FBI**

The record does not reflect any service or attempted service on the FBI.  The FBI, however, removed the matter to this Court and filed a Motion to Dismiss that does not include a defense of insufficient service pursuant to Federal Rule of Civil Procedure 12(b)(5).  The Court, therefore, concludes the FBI has waived any defense of insufficient service.  *See* Fed. R. Civ. P. 12(g)(2)("Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").  *See also* Fed. R. Civ. P. 12(h)(1)("A party waives any defense listed in Rule 12(b)(2)-(5) by:  (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either:  (I) make it by motion under this rule; or (ii) include it in a responsive pleading.").

**B.    Agent Fowler**

Attached to Plaintiff's complaint filed in state court is a summons addressed to Gregory Fowler at the FBI Office on 9109 N.E. Cascades Parkway, Portland, Oregon, and sent by first-class mail.  The record, however, does not include any indication that the summons and complaint were actually delivered to Agent Fowler.

In addition, even if Plaintiff caused the summons attached to the complaint to be mailed to Agent Fowler's office, the manner in which Plaintiff effected service before this matter was removed is insufficient to perfect service under Oregon law.[1] In addition, Plaintiff also failed to perfect service on Agent Fowler pursuant to the Federal Rules of Civil Procedure after this matter was removed to this Court.

**1.    Service under the Oregon Rules of Civil Procedure**

Oregon Rule of Civil Procedure 7D(2)(d)(I) provides in pertinent part:

> When required or allowed by this rule . . . service by mail shall be made by mailing true copies of the summons and the complaint to the defendant by first class mail *and* by any of the following:  certified, registered, or express mail with return receipt requested.

---

[1] The federal rules "apply to civil actions removed to the United States district courts from the state courts and govern procedure *after* removal" (emphasis added).  Fed. R. Civ. P. 81(c).  The Court, therefore, analyzes Plaintiff's service before removal under Oregon Rules of Civil Procedure.

Emphasis added.  In addition, Rule 7D(3)(a)(I) permits service on an individual within the State of Oregon by "mailing made in accordance with [Rule 7D](2)(d) . . . *provided the defendant signs a receipt* for the certified, registered, or express mailing."  Emphasis added.

The record reflects Plaintiff mailed a copy of the summons and complaint to Agent Fowler via first class mail.  The record, however, does not reflect Plaintiff also mailed a copy of the summons and complaint to Agent Fowler via certified, registered, or express mail with return receipt requested or that Agent Fowler signed a receipt for any certified, registered, or express mailing.  Plaintiff, therefore, has failed to establish that he properly served Agent Fowler under the Oregon Rules of Civil Procedure before the matter was removed to this Court.

**2.    Service under the Federal Rules of Civil Procedure**

Federal Rule of Civil Procedure 4(i)(3) provides in pertinent part:  "To serve a United States . . . employee [within a judicial district of the United States,] . . . a party must serve the United States and also serve the officer or employee under Rule 4(e)."  To serve the United States, Rule 4(i)(1) requires a party to:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought -- or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk

8 - OPINION AND ORDER

```
                    -- or
```

> (ii) send a copy of each by registered or
> certified mail to the civil-process clerk at
> the United States attorney's office; [and]
>
> (B) send a copy of each by registered or certified
> mail to the Attorney General of the United States
> at Washington, D.C.

The record does not reflect Plaintiff sent a copy of the summons and complaint by certified or registered mail to the Attorney General of the United States in Washington, D.C.  Plaintiff, therefore, also has not established that he properly served Agent Fowler under the Federal Rules of Civil Procedure.

Agent Fowler has not appeared in this matter and was not a party to the removal.  Accordingly, he has not waived any objection to insufficient or improper service.  The Court, therefore, dismisses Plaintiff's claims against Agent Fowler for insufficient service.

Finally, Plaintiff fails to allege any facts in his complaint as to any acts of Agent Fowler to support Plaintiff's claims.  Accordingly, the Court also dismisses Plaintiff's claims against Agent Fowler for failure to state a claim.

## II.  Dismissal for lack of subject-matter jurisdiction

The FBI moves to dismiss Plaintiff's claims for slander, intentional infliction of emotional distress (IIED), and fraud on the ground that this Court lacks subject-matter jurisdiction because Plaintiff has not alleged he exhausted his administrative

remedies and the Federal Tort Claims Act (FTCA), 28 U.S.C.

§ 2671, *et seq.,* does not waive sovereign immunity for

intentional torts.  The FBI also moves to dismiss Plaintiff's

Americans with Disabilities Act (ADA) claim on the ground that

this Court lacks subject-matter jurisdiction because Plaintiff

has not alleged he filed an Equal Employment Opportunity (EEO)

claim with the FBI.

**A.    Exhaustion of tort claims**

The FTCA provides the exclusive remedy for monetary

damages from the federal government for "personal injury or death

arising or resulting from the negligent or wrongful act or

omission of any employee of the Government while acting within

the scope of his office or employment."  28 U.S.C. § 2679(b)(1).

Under the FTCA,

> [a]n action shall not be instituted upon a claim
> against the United States for money damages for
> injury or loss of property or personal injury or
> death caused by the negligent or wrongful act or
> omission of any employee of the Government . . .
> unless the claimant shall have first presented the
> claim to the appropriate Federal agency and his
> claim shall have been finally denied by the agency
> in writing and sent by certified or registered
> mail.

28 U.S.C. § 2675(a).  In addition, 28 U.S.C. § 2401(b) provides:

> A tort claim against the United States shall be
> forever barred unless it is presented in writing
> to the appropriate Federal agency within two years
> after such claim accrues or unless action is begun
> within six months after the date of mailing, by
> certified or registered mail, of notice of final
> denial of the claim by the agency to which it was

presented.

The claim-presentation requirement is "'jurisdictional in nature and may not be waived.'"  *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1252 (9ᵗʰ Cir. 2006).

Plaintiff does not allege in his Complaint that he filed an administrative tort claim with the FBI or that the FBI denied in writing any administrative tort claim brought by Plaintiff.  Plaintiff, therefore, has not alleged facts sufficient to establish that he provided tort-claims notice to the FBI as required by the FTCA.

Accordingly, the Court grants the FBI's Motion to Dismiss Plaintiff's claims for slander, IIED, and fraud.

**B.    Sovereign immunity related to tort claims**

The FBI contends even if Plaintiff exhausted his administrative remedies, his claims for IIED, slander, and fraud are barred by the doctrine of sovereign immunity.

Under the Eleventh Amendment the sovereign is immune to claims against it by its citizens.  U.S. Const. amend XI.  *See also Tennessee v. Lane*, 541 U.S. 509, 517 (2004).  Congress, however, may abrogate a state's sovereign immunity under certain circumstances or, as with other constitutional rights, a state may voluntarily waive its right to immunity.  *See Lane v. Pena*, 518 U.S. 187, 192-98 (1996).  *See also Quantum Prod. Serv., LLC v. Austin*, 448 F. App'x 755, 756 (9ᵗʰ Cir. 2011)("Absent a

11 - OPINION AND ORDER

waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

The test for waiver of sovereign immunity is a "stringent one." *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-78 (1999)(quotation omitted). Sovereign immunity may not be impliedly or constructively waived, and courts must "indulge every reasonable presumption against waiver." *Id.* at 678-82 (waivers of sovereign immunity must be "unmistakably clear"). Any ambiguity in the waiver of sovereign immunity must be construed in favor of immunity. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992).

Although Congress specifically waived the United States' sovereign immunity for certain claims in the FTCA, § 2680(h) of the FTCA exempts "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" from the waiver of sovereign immunity. Congress, therefore, has not waived sovereign immunity as to claims for slander and fraud like those brought by Plaintiff against the FBI.

Accordingly, the Court grants the FBI's Motion to Dismiss Plaintiff's claims against the FBI for IIED, slander, and fraud without leave to amend because those claims are barred by

the doctrine of sovereign immunity.

    **C.**    **Exhaustion of ADA claim**

        "'Prior to instituting a court action under Title VII, a plaintiff alleging discrimination in federal employment must proceed before the agency charged with discrimination.  42 U.S.C. § 2000e-16(c).'"  *Diefenderfer v. LaHood*, No. C08-958Z, 2009 WL 2475083, at *3 (W.D. Wash. Aug. 10, 2009)(quoting *Bayer v. United States Dep't of Treasury*, 956 F.2d 330, 332 (D.C. Cir. 1992)). *See also* Vines v. Gates, 577 F. Supp. 2d 242, 254 (D.D.C. 2008) (same); *Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832-33 (1976) ("[A]n aggrieved employee [has the right to] file a civil action in a federal district court to review his claim of employment discrimination.  Attached to that right, however, are certain preconditions.  Initially the complainant must seek relief in the agency that has allegedly discriminated against him.  He then may seek further administrative review with the Civil Service Commission or, alternatively, he may . . . file suit in federal district court without appealing to the Civil Service Commission."); 42 U.S.C. § 2000e-16(c)("Within 90 days of receipt of notice of [alleged discriminatory action] by a department . . . or after one hundred and eighty days from the filing of the initial charge with the department . . . an . . . applicant for employment . . . may file a civil action.").

        Plaintiff has not alleged in his Complaint that he

filed an EEO claim with the FBI.  This Court, therefore, lacks subject-matter jurisdiction because Plaintiff has not established that he exhausted his administrative remedies.

Accordingly, the Court grants the FBI's Motion to Dismiss Plaintiff's claim for violation of the ADA on the basis of failure to exhaust.

## II. Dismissal for failure to state a claim

As noted, Plaintiff alleges the FBI violated the ADA, 42 U.S.C. § 12112, *et seq.*, "based on [Plaintiff's] disability, race, and age."  Even if Plaintiff exhausted his administrative remedies, the FBI contends Plaintiff's employment-discrimination claims should be dismissed on the ground that Plaintiff fails to state a claim for violation of any employment-discrimination statute.

### A.    Plaintiff's ADA claim

Title I of the ADA ensures fair opportunities in the workplace for qualified individuals with disabilities by prohibiting discrimination against those individuals and by requiring employers to reasonably accommodate their disabilities. 42 U.S.C. § 12112.  *See also Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 477-78 (1999).  The ADA provides in pertinent part:

> No covered entity shall discriminate against a
> qualified individual with a disability because of
> the disability of such individual in regard to job
> application procedures, the hiring, advancement,
> or discharge of employees, employee compensation,

job training, and other terms, conditions, and
privileges of employment.

42 U.S.C. § 12112(a).  To state a *prima facie* case of
discrimination under the ADA, a plaintiff must allege he is a
qualified individual with a disability and that his employer
discriminated against him because of his disability.  *Sanders v.
Arneson Prod., Inc*., 91 F.3d 1351, 1353 (9th Cir. 1996).

An individual is disabled within the meaning of the ADA
if he has "a physical or mental impairment that substantially
limits one or more of [his] major life activities" or if his
employer regards him "as having such an impairment."  42 U.S.C.
§ 12102(2)(A), (C).  The Supreme Court held the term disability
should be strictly interpreted "to create a demanding standard
for qualifying as disabled" and in order for an individual "to be
substantially limited in performing manual tasks, [that]
individual must have an impairment that prevents or severely
restricts the individual from doing activities that are of
central importance to most people's daily lives."  *Toyota Motor
Mfg. Ky. Inc. v. Williams*, 534 U.S. 184, 197-98 (2002).  The term
"discriminate" includes "not making reasonable accommodations to
the known physical or mental limitations of an otherwise
qualified individual with a disability who is an applicant or
employee, unless such covered entity can demonstrate that the
accommodation would impose an undue hardship."  42 U.S.C.
§ 12112(b)(5)(A).

15 - OPINION AND ORDER

"As with discrimination cases generally, a plaintiff in an ADA case at all times bears the ultimate burden of establishing . . . he has been the victim of illegal discrimination based on his disability." *Gomez v. Am. Bldg. Maint.*, 940 F. Supp. 255, 257 (N.D. Cal. 1996)(citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993)).

Plaintiff does not allege in his Complaint that he suffers from a physical or mental impairment that substantially limits one or more of [his] major life activities nor does he identify any of his alleged impairments. Moreover, Plaintiff does not allege the FBI discriminated against him because of a disability nor identify in his Complaint any specific acts of discrimination that the FBI allegedly engaged in related to his alleged disabilities

Accordingly, the Court grants the FBI's Motion to Dismiss Plaintiff's ADA claim for failure to state a claim.

**B.  Plaintiff's claim for age discrimination**

Plaintiff appears to intend to allege a claim for discrimination based on age even though Plaintiff's Complaint does not contain any allegations regarding the FBI's actions related to Plaintiff's age.

To state a claim for age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, a plaintiff

16 - OPINION AND ORDER

> must demonstrate that [he] is (1) at least forty
> years old, (2) performed [his] job satisfactorily,
> (3) was discharged, and (4) either replaced by a
> substantially younger employee with equal or
> inferior qualifications or discharged under
> circumstances otherwise "giving rise to an
> inference of age discrimination." *Diaz v. Eagle
> Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir.
> 2008)(quoting *Coleman v. Quaker Oats Co.*, 232 F.3d
> 1271, 1281 (9th Cir. 2000)).

*Swan v. Bank of Am.*, No. 08-16889, 2009 WL 5184129, at *1 (9th Cir. Dec. 30, 2009).  Plaintiff fails to allege in his Complaint that he was terminated, that he was at least forty years old at the time of his termination, that he was replaced by a substantially younger employee, or any other circumstances that might give rise to an inference of discrimination based on his age.

Accordingly, the Court grants the FBI's Motion to Dismiss Plaintiff's claim of age discrimination.

**C.    Plaintiff's claim for race discrimination**

To the extent that Plaintiff intends to allege a claim for race discrimination despite the fact that his Complaint does not contain any allegations regarding the FBI's actions related to Plaintiff's race, Plaintiff fails to state a claim.

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race."  42 U.S.C. § 2000e-2(a)(1). "A person suffers disparate treatment in his employment 'when he

17 - OPINION AND ORDER

. . . is singled out and treated less favorably than others
similarly situated on account of race.'"  *Cornwell v. Electra
Cent. Cred. Union*, 439 F.3d 1018, 1028 (9th Cir. 2006)(quoting
*McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1121 (9th Cir.
2004)).

      To establish a *prima facie* case under Title VII, a
plaintiff must establish (1) he belongs to a class of persons
protected by Title VII, (2) he performed his job satisfactorily,
(3) he suffered an adverse employment action, and (4) his
employer treated him differently than similarly-situated
employees who do not belong to the same protected class as the
plaintiff.  *Id.* (citing *McDonnell Douglas Corp. v. Green*, 411
U.S. 792, 802 (1973)).

      Plaintiff does not allege in his Complaint that he
belongs to a protected class, that he performed his job
satisfactorily, or that he was treated differently from
similarly-situated employees who are not in Plaintiff's protected
class.

      Accordingly, the Court grants the FBI's Motion to
Dismiss Plaintiff's claim for race discrimination.

**D.    Leave to amend**

      The Ninth Circuit has made clear that when a *pro se*
plaintiff fails to state a claim, "[l]eave to amend should be
granted unless the pleading 'could not possibly be cured by the

allegation of other facts.'" *Ramirez*, 334 F.3d at 861 (quoting *Lopez,* 203 F.3d at 1130). Because Plaintiff may be able to cure the deficiencies in his claims for disability, age, and/or race discrimination, the Court dismisses these claims without prejudice and with leave for Plaintiff to file an Amended Complaint to cure the deficiencies set out in this Opinion.

Plaintiff may also be able to cure the failure to establish that Agent Fowler was properly served and to allege any facts related to actions by Agent Fowler that form the basis for Plaintiff's claims for disability, age, and/or race discrimination.

As noted, however, Plaintiff's claims for IIED, slander, and fraud are dismissed with prejudice and without leave to amend based on the doctrine of sovereign immunity.

## CONCLUSION

For these reasons, the Court **GRANTS** the FBI's Motion (#5) to Dismiss and

1.  **DISMISSES** Plaintiff's claims for IIED, slander, and fraud **with prejudice**;

2.  **DISMISSES** Plaintiff's claims against Agent Fowler **without prejudice**; and

4.  **DISMISSES** Plaintiff's claims for disability, age, and/or race discrimination **without prejudice.**

19 - OPINION AND ORDER

Plaintiff may file an amended complaint **no later than December 2, 2013,** to cure the deficiencies noted above as to service on Agent Fowler, Plaintiff's claims against Agent Fowler, and Plaintiff's claim(s) for disability, age, and/or race discrimination.  The Court advises Plaintiff that failure to file an amended complaint and to cure the deficiencies set out in this Opinion and Order by December 2, 2013, shall result in dismissal of this matter with prejudice.

IT IS SO ORDERED.

DATED this 13th day of November, 2013.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge